## LANDON MAPES ET AL.

### v.

## EDWARD SCOTT ET AL.

EJECTMENT.—APPOINTMENT OF A RECEIVER.—A court of equity will not interfere by the appointment of a receiver to take the property from a party in possession, on the application of a party out of possession, claiming only a dry legal title, but will leave him to his remedy at law. It is only in cases when some special circumstances arise of an equitable nature, that a receiver will be appointed in behalf of a claimant out of possession.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed September 9, 1879.

Mr. OSCAR A. DELEUW and Messrs. EPLER & CALLON, for appellants; that there must be some original matter, the subject of litigation between the parties involved in the same bill to be adjudged by the chancery court, and to which the appointment of a receiver is ancillary, cited Verplank v. Caines, 1 Johns, Ch.; 1 Atk. Rep., 578; Milw. R. R. Co. v. Soutter, 2 Wall, 521; Cain v. Warbard, 7 Md. 282; Daniell's Ch. Pr. 1568.

The delay of five years since the commencement of the suit is fatal to the motion for a receiver: Edwards on Receivers, 42; Kirwin v. Kirwin, 1 Donnelly.

Plaintiff has an adequate remedy at law: Kerr on Receivers, 112.

A receiver will not be appointed before hearing on motion founded on evidence in the cause: Lloyd v. Parringham, 19 Ves. 59.

Appointment of a receiver is not only an extraordinary but harsh remedy: Melor v. Wabash R'y Co. 11 Chicago Legal News, 244.

Messrs. BROWN, KIRBY & RUSSELL, for appellees; as to the powers of a court of equity in regard to appointment of

receivers, cited 1 Story Eq. Jur. 329; 1 Bl. Com. 92; 3 Atk. 564; Stillwell v. Williams, 6 Madd. 49; Bainbridge v. Bradley, 3 Mac. v. G. 419; Williamson v. Wilson, 1 Bland, 420; Kerr on Receivers, 1.

The appointment of a receiver is a matter of discretion: Kerr on Receivers, 3; Owen v. Homan, 4 H. L. 1032.

Where the dispute is between one having the clear right to possession, and one who has not the right, it is the duty of the court to secure the property by appointing a receiver: Lenox v. Notrebe, 1 Hempst. 225; Chamberlain v. Marble, 24 Miss. 586; Kerr on Receivers, 5.

Where the court can see from the pleadings that the plaintiff will ultimately recover the possession, and that it is necessary to secure the property until a hearing, there is a case for the appointment of a receiver: Kerr on Receivers 7; Hugusnin v. Barley, 13 Ves. 107; Davis v. Duke of Marlborough, 2 Sw. 138; Clegg v. Fishwick, 1 Mac. & G. 299; Whitworth & Whyddon, 2 Mac. & G. 55; Owen v. Homan, 3 Mac. & G. 412.

If it appears that the plaintiff has a good equitable title, and the property is endangered by delay, a receiver will be appointed: Kerr on Receivers, 8; Evans v. Coventry, 5 D. M. & G. 918; Aberdeen v. Chitty, 3 Y. & C. 382; Thomas v. Davis, 11 Beav. 29; Middleton v. Dodswell, 13 Ves. 266; Oldfield v. Cobbett, 4 L. & J. 272

Davis, P. J. This was a proceeding in chancery, commenced by appellees against appellants, to obtain the appointment of a receiver.

The case made by the bill is substantially this: Appellees are the owners in fee of the land in controversy, consisting of about five acres, on which three dwelling houses had been erected, of the annual rental value of six hundred dollars.

Three of appellants had previously owned the premises, but the title had passed from time to time by different conveyances, until it finally became vested in appellees in April, 1874. In October following, appellees commenced an action of ejectment against appellants to recover the premises.

In this action appellees, in April, 1876, recovered a judgment, which was vacated, and a new trial granted under the statute, and at the November term following, a new trial was had which again resulted in favor of appellees, and on the overruling of a motion made by appellants for a new trial, a final judgment was rendered in favor of appellees. This judgment was afterwards reversed by the Supreme Court and the case remanded to the Circuit Court of Morgan county, where it originated. The case was again docketed, and at the November term, 1878, appellants entered their motion for a change of venue, which was denied by the court.

In January, 1879, the case was called in regular order for trial, when appellants moved for and obtained a continuance, on the ground of the absence of one of their attorneys in attendance upon the legislature as a member, and the case now stands for trial. From the time appellees acquired title, appellants have paid no rent or taxes; have failed to keep the premises in repair, or insure them from fire; are insolvent, and have no legal or equitable title to the same. Appellees prayed for the appointment of a receiver to take and keep the premises, and rent the same, and hold the rents and profits subject to the order of the court. To the bill of complaint, appellants filed a general demurrer, which was overruled by the court below, and appellants standing by their demurrer, a decree was rendered appointing a receiver to take the charge and control of the premises until the determination of the suit in ejectment, and to rent the same, and requiring appellants to surrender the premises to the receiver. To reverse this decree, an appeal was taken to this court. The action at law commenced by appellees was an ordinary action of ejectment, without any features to distinguish it from cases constantly arising in our courts where the party in possession resorts to every expedient permitted by law to retain that possession as long as he legally can.

The claim of appellees is a purely legal one, without any equities connected with it to justify the intervention of a court of equity. As to real estate, it seems to be the established doctrine that a court of equity will not interfere by the

appointment of a receiver to take the property from the party in possession on the application of a party out of possession, claiming a dry legal title only, but will leave him to his remedy at law.   Talbot v. Hope Scott, Kay & Johnson's C. R. 119.

It is only in cases where some special circumstances arise of an equitable nature, and in aid of an equitable title, that the court will appoint a receiver over real estate in behalf of a claimant out of possession.   Carrow v. Ferrior, Law Reports, 3 Chancery A. 726; Cofer et al. v. Echerson, 6 Iowa, 504.

We think the demurrer should have been sustained, and the bill dismissed.

Decree reversed.